JUDGE DAVID GUADERRAMA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2018 MAR 26 PM 2:31
[DISTRICT COURT stamp / DEPUTY]

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| PETITIONER, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO. |
| REMINGTON ARMS COMPANY, INC. ) | |
| MOHAWK 10 C .22 CALIBER RIFLE, ) | |
| BEARING SERIAL NO. 2460246, and ) | |
| ) | **EP18CV0098** |
| APPROXIMATELY 2,128 ROUNDS OF ) | |
| UNKNOWN AMMUNITION, ) | |
| ) | |
| RESPONDENTS. ) | |

### VERIFIED COMPLAINT FOR FORFEITURE

Comes now Petitioner, United States of America, acting by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, pursuant to Rule G, Supplemental Rules of Federal Rules of Civil Procedure, and respectfully states as follows:

### I.
### NATURE OF THE ACTION

This action is brought by the United States of America seeking forfeiture to the United States of the properties described below:

1. **Remington Arms Company, Inc. Mohawk .22 caliber rifle, bearing serial number 2460246; and**

2. **Approximately 2,128 rounds of unknown ammunition,**

(hereinafter referred to as the "Respondent Properties").

## II.
## STATUTORY BASIS FOR FORFEITURE

This is a civil forfeiture action *in rem* brought against the Respondent Properties pursuant to 18 U.S.C. § 924(d)(1), for violations of 18 U.S.C. §§ 922(g)(1) and (3). Title 18, United States Code, Section 924(d)(1) states, in part:

> **Title 18 U.S.C. § 924**
> **(d)(1)** Any firearm or ammunition involved in or used in any knowing violation of subsection (a)(4), (a)(6), (f), (g), (h), (i), (j), or (k) of section 922, or knowing importation or bringing into the United States or any possession thereof any firearm or ammunition in violation of section 922(*l*), or knowing violation of section 924, shall be subject to seizure and forfeiture under the provisions of this chapter. . .

Because the Respondent Properties constitute a firearm involved in or used in a violation of 18 U.S.C. §§ 922(g)(1) and (3), the Respondent Properties are subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1).

## III.
## JURISDICTION AND VENUE

Under 28 U.S.C. § 1345, this Court has jurisdiction over an action commenced by the United States, and under 28 U.S.C. § 1355(a), jurisdiction over an action for forfeiture. This Court has *in rem* jurisdiction over the Respondent Properties under 28 U.S.C. §§ 1355(b) and 1395(b). Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in this District, and pursuant to 28 U.S.C. §§ 1355(b)(1)(B) and 1395(b) because the Respondent Properties were seized in this District.

The Respondent Properties were seized in the Western District of Texas, on or about November 30, 2017, and turned over to the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). The Respondent Properties have remained in the custody of ATF, within the jurisdiction

2

of the United States District Court, Western District of Texas, El Paso Division, and shall remain within the jurisdiction of the court pending litigation of this case.

## IV.
## FACTS IN SUPPORT OF FORFEITURE

On or about November 30, 2017, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Special Agent (SA) Michael D. Lane was notified of a search warrant executed by the El Paso Police Department's (EPPD) Narcotics Division. SA Lane responded and met with investigators regarding the seizure of property.

At approximately 15:30 hours, Detectives with the EPPD Narcotics Section went to 9530 Linsdey, El Paso, Texas to execute search warrant 2017SW00112. EPPD Detectives located 5.83 pounds of marijuana, 10 grams tetrahydrocannabinol (THC), .8 grams of Tramadol Hydrochloride, 2.5 grams Acetaminophen with Codeine and other narcotic evidence along with several items of drug paraphernalia. During the search, detectives found the Respondent Properties with the drug evidence.

At approximately 16:20 hours, EPPD Detective Pfeil notified SA Lane of the firearm, who responded to interview Timothy Ramos (Ramos), suspected owner of the Respondent Properties. SA Lane met with investigators at the EPPD Northeast Regional Command Center (NERC) and inspected the Respondent Properties. SA Lane function checked the firearm and determined it functioned correctly. SA Lane observed the rifle to be a Remington and most likely not made in Texas. A firearm Nexus Expert would be asked to inspect the firearm later to confirm this. SA Lane was provided with a criminal history and determined Ramos was a convicted felon. Ramos had a felony conviction from 2004; under cause number 20040D00733 in El Paso, Texas.

SA Lane then interviewed Ramos in an interview room at the NERC. Ramos was in custody and SA Lane advised him of his Miranda Rights. Ramos waived his rights and agreed to answer the agent's question. Ramos admitted ownership and possession of the Respondent Properties that were found in his residence. Ramos advised he had a felony conviction and smoked marijuana regularly.

SA Lane asked Ramos about ownership of the Respondent Properties, Ramos' drug use, and if Ramos knew he was a convicted felon. Ramos said the firearm was his, that he received it when he was 14 years old from his father as a Christmas gift. Ramos said the ammunition was his and he had assorted ammunition from other firearms he previously owned. Ramos was aware he was a convicted felon, and admitted to smoking marijuana every day. Ramos said he grown his own marijuana so he does not have to buy it, works as a pizza delivery person, and owns his home. Ramos advised his wife has a disease and the marijuana helps her symptoms. Ramos advised he does not sell marijuana, and everything that he grows, he keeps for himself.

SA Lane seized the Respondent Properties pursuant to Title 18 USC . §§ 922(g)(1) and (3). Ramos remained at the NERC in state custody. Ramos' wife, Michelle Ramos, was also in the residence and arrested by EPPD for drug related charges.

## V.
## PRAYER

WHEREFORE, Petitioner, United States of America, prays that due process issue to enforce the forfeiture of the Respondent Properties, that due notice pursuant to Rule G(4) be given

to all interested parties to appear and show cause why forfeiture should not be decreed[1], that a warrant for an arrest *in rem* be ordered, that the Respondent Properties be forfeited to the United States of America, that the Respondent Properties be disposed of in accordance with the law and for any such further relief as this Honorable Court deems just and proper.

Dated: March 23, 2018
       El Paso, Texas

                                        Respectfully submitted,
                                        JOHN F. BASH
                                        United States Attorney for the
                                        Western District of Texas

By: _/s/ Antonio Franco, Jr._____
                                        Antonio Franco, Jr.
                                        Assistant United States Attorney
                                        Texas Bar No. 00784077
                                        700 E. San Antonio Ave., Suite 200
                                        El Paso, Texas 79901
                                        Tel: (915) 534-6884
                                        Fax: (915) 534-3461

---

[1] Appendix A, which is being filed along with this complaint, will be sent to those known by the United States to have an alleged interest in the Respondent Property.

5

# VERIFICATION

Special Agent, Michael Lane, declares and says that:

I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, assigned to the El Paso Field Office, and I am the investigator responsible for the accuracy of the information provided in this complaint.

I have read the above Verified Complaint for Forfeiture and know the contents thereof based upon my personal participation in the investigation, my conversations with others, and my review of documents and other evidence. Based upon information and belief, the allegations contained in the Verified Complaint for Forfeiture are true and correct. Because the Verified Complaint is being submitted for the limited purpose of stating sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial, it does not contain every fact known by me or the United States. Where the actions, conversations, and statements of others are related therein, they are related in substance and in part, unless otherwise stated.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this the 23rd day of March, 2018.

Special Agent Michael Lane
Bureau of Alcohol, Tobacco, Firearms and Explosives

JUDGE DAVID GUADERRAMA
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2018 MAR 26  PM 2: 31

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PETITIONER, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. |
| REMINGTON ARMS COMPANY, INC. | ) | |
| MOHAWK 10 C .22 CALIBER RIFLE, | ) | |
| BEARING SERIAL NO. 2460246, and | ) | |
| | ) | EP18CV0098 |
| APPROXIMATELY 2,128 ROUNDS OF | ) | |
| UNKNOWN AMMUNITION, | ) | |
| | ) | |
| RESPONDENTS. | ) | |

## NOTICE OF COMPLAINT FOR FORFEITURE

On March 20, 2018, the United States of America, by and through its United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, filed a Verified Complaint for Forfeiture against the properties described below, which are also specifically described in the Verified Complaint for Forfeiture, and which are subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1) for violations of 18 U.S.C. §§ 922(g)(1) and (3), namely:

1. **Remington Arms Company, Inc. Mohawk .22 caliber rifle, bearing serial number 2460246; and**

2. **Approximately 2,128 rounds of unknown ammunition,**

(hereinafter referred to as the "Respondent Properties").

Pursuant to Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, notice to any person who reasonably appears to be a potential claimant shall be by direct notice. Accompanying this notice is the Verified Complaint for Forfeiture which has been filed in this cause and which describes the Respondent Properties. Pursuant to Supplemental Rule G(4)(b), any person claiming an interest in the Respondent Properties who has

received direct notice of this forfeiture action must file a Claim in compliance with Rule G(5)(a), with the court within **thirty-five (35) days after the notice was sent, if delivered by mail (if mailed, the date sent is provided below), or within 35 days of the date of delivery, if notice was personally served**. An Answer or motion under Rule 12 of the Federal Rules of Civil Procedure must then be filed within **twenty-one (21)** days of the Claim being filed. The Claim and Answer must be filed with the Clerk of the Court, 525 Magoffin, Suite 105, El Paso, Texas 79901, and copies of each must be served upon Assistant United States Attorney Antonio Franco, Jr., 700 E. San Antonio Ave, Suite 200, El Paso, Texas 79901, or default and forfeiture will be ordered. *See* 18 U.S.C. § 983(a)(4)(A) and Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claim and Asset Forfeiture Actions.

Failure to follow the requirements set forth above will result in a judgment by default taken against you for the relief demanded in the complaint.

## APPENDIX A

**DATE NOTICE SENT:**_____

JOHN F. BASH
United States Attorney
for the Western District of Texas

By: _____
Antonio Franco, Jr.
Assistant United States Attorney
Texas Bar No. 00784077
700 E. San Antonio Ave., Suite 200
El Paso, TX 79901
Tel: 915-534-6884
Fax: 915-534-3461

JUDGE DAVID GUADERRAMA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PETITIONER, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| REMINGTON ARMS COMPANY, INC. | ) | CIVIL ACTION NO. |
| MOHAWK 10 C .22 CALIBER RIFLE, | ) | |
| BEARING SERIAL NO. 2460246, and | ) | |
| | ) | **EP18CV0098** |
| APPROXIMATELY 2,128 ROUNDS OF | ) | |
| UNKNOWN AMMUNITION, | ) | |
| | ) | |
| RESPONDENTS. | ) | |

## WARRANT FOR THE ARREST OF PROPERTY

TO THE BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES OR OTHER AUTHORIZED LAW ENFORCEMENT OFFICER OR ANY OTHER PERSON OR ORGANIZATION AUTHORIZED BY LAW TO ENFORCE THE WARRANT:

WHEREAS, a Verified Complaint for Forfeiture *in rem* was filed on March 20, 2018, against one Remington Arms Company, Inc. Mohawk 10C .22 caliber rifle, bearing serial number 2460246 and approximately 2,128 rounds of unknown ammunition (hereinafter referred to as "Respondent Properties"), alleging that the Respondent Properties are subject to forfeiture to the United States of America pursuant to 18 U.S.C. § 924(d)(1) for violations of 18 U.S.C. §§ 922(g)(1) and (3), and

WHEREAS an Order has been entered by the United States District Court for the Western District of Texas that a Warrant for Arrest of Property be issued as prayed for by Petitioner United States of America,

YOU ARE THEREFORE COMMANDED to arrest the Respondent Properties as soon as practicable by serving a copy of this warrant on the custodian in whose possession, custody or control the Respondent Properties are presently found, and to use whatever means may be

appropriate to protect and maintain it in your custody until further order of this Court, including designating a substitute custodian or representative for the purposes of maintaining the care and custody of the Respondent Properties and to make a return as provided by law.

SIGNED this _____ day of March, 2018.

                                              JEANNETTE J. CLACK
                                              United States District Clerk
                                              Western District of Texas

By:  _____
       Deputy

RECEIVED
MAR 26 2018
CLERK ... DISTRICT OF TEXAS
WESTERN ...
BY

JUDGE DAVID GUADERRAMA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>PETITIONER, )<br>)<br>v. )<br>)<br>REMINGTON ARMS COMPANY, INC. )<br>MOHAWK 10 C .22 CALIBER RIFLE, )<br>BEARING SERIAL NO. 2460246, and )<br>)<br>APPROXIMATELY 2,128 ROUNDS OF )<br>UNKNOWN AMMUNITION, )<br>)<br>RESPONDENTS. ) | CIVIL ACTION NO.<br><br>**EP18CV0098** |

## ORDER FOR WARRANT OF ARREST OF PROPERTY

WHEREAS, on March 20, 2018, the United States of America, by and through its United States Attorney for the Western District of Texas, John F. Bash, and Assistant U.S. Attorney Antonio Franco, Jr., filed a Verified Complaint for Forfeiture *in rem* against one Remington Arms Company, Inc. Mohawk 10 C .22 caliber rifle, bearing serial number 2460246 and approximately 2,128 rounds of unknown ammunition (hereinafter referred to as "Respondent Properties"), alleging that the Respondent Properties are subject to forfeiture to the United States of America pursuant to 18 U.S.C. § 924(d)(1) for violations of 18 U.S.C. §§ 922(g)(1) and (3), IT IS THEREFORE

ORDERED that a Warrant for the Arrest of Property against the Respondent Properties issue as prayed for, and that the Bureau of Alcohol, Tobacco, Firearms and Explosives for the Western District of Texas, or any other law enforcement officer, or any other person or organization authorized by law to enforce the warrant, be commanded to arrest the Respondent Properties and take them into possession for safe custody as provided by Rule G, Supplemental

Rules of Federal Rules of Civil Procedure, until further order of the Court, and to use whatever means may be appropriate to protect and maintain it in their custody, including designating a substitute custodian or representative for the purposes of maintaining the care and custody of the Respondent Properties, and to make a return as provided by law.

SIGNED this _____ day of March, 2018.

_____
UNITED STATES DISTRICT JUDGE

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

JUDGE DAVID GUADERRAMA

### DEFENDANTS
1. Remington Arms Company, Inc. Mohawk .22 caliber rifle, bearing serial number 2460246; and approximately 2,128 rounds of unknown

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Antonio Franco, Jr., Assistant United States Attorney
700 E. San Antonio, Suite 200
El Paso, Texas 79901    (915) 534-6884

Attorneys *(If Known)*

**EP18CV0098**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☒ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. § 924(d)(1)

Brief description of cause:
Firearm involved or used in a knowing violations of 18 U.S.C. §§ 922(g)(1) and (3)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 03/20/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____